**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1616-18T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

MAURICE C. TAYLOR,

     Defendant-Appellant.

_____

Submitted December 16, 2019 – Decided March 3, 2020

Before Judges Fasciale and Rothstadt.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment Nos. 86-07-2791 and 86-11-3995.

Maurice C. Taylor, appellant pro se.

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Matthew E. Hanley, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Maurice C. Taylor appeals from the Law Division's September 20, 2018 order denying his motion to withdraw his 1988 guilty plea under two indictments to second-degree attempted murder, N.J.S.A. 2C:5-1 and N.J.S.A. 2C:11-3, two counts of second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1), and various weapons possession charges. On appeal, he argues that the court erred by denying his motion without applying the Supreme Court's holding in State v. Slater, 198 N.J. 145 (2009). We affirm.

After pleading guilty in 1988, the trial court imposed an aggregate sentence on defendant of ten years with a five-year period of parole ineligibility. A year later, a jury convicted defendant of first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(a)(1), and first-degree robbery, N.J.S.A. 2C:15-1(b), for which he received a sentence in the extended term of life in prison subject to a forty-year period of parole ineligibility.

Defendant appealed, challenging only his sentences. Two separate excessive-sentencing panels of this court affirmed his sentences.[1] See State v. Taylor, No. A-6164-89 (App. Div. Jan. 30, 1991); State v. Taylor, No. A-0815-92 (App. Div. Jan. 12, 1996). The Supreme Court denied his petitions for

_____

[1] The panels affirmed but ordered that merger issues in one of his sentences be corrected.

A-1616-18T1

certification. See State v. Taylor, 126 N.J. 339 (1991); State v. Taylor, 156 N.J. 380 (1998).

Defendant later filed a petition for post-conviction relief (PCR) that included a demand that he be allowed to withdraw his 1988 guilty plea because when he pled guilty he was unaware of how that plea would impact his sentencing for his subsequent conviction. The PCR court denied the petition in 1999 after conducting an evidentiary hearing and we affirmed. State v. Taylor, No. A-1992-99 (App. Div. May 23, 2001) (slip op. at 2). The Supreme Court denied certification. State v. Taylor, 170 N.J. 386 (2001).

In 2017, defendant filed the motion that is the subject of this appeal. In his supporting brief, he specifically raised the issue about his trial counsel "never advis[ing] that by pleading guilty to the first two indictments he would be exposed to an extended term in the third indictment." Through his motion he sought only to vacate the plea, then seek modification of his sentence for his conviction under the third indictment, and then re-plead to the two earlier indictments, all to avoid sentencing in the extended term. The motion court denied defendant's motion without assigning counsel or conducting a hearing because it concluded that defendant's arguments either were raised or should

have been raised on direct appeal or through his PCR petition, and any further applications asserting the same arguments were time-barred.

On appeal defendant advances the following argument:

POINT I

THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO CONSIDER THE FOUR FACTORS ANNOUNCED IN STATE V. SLATER, 198 N.J. 145 (2009).

In defendant's appellate brief, he confirms that prior to his 1988 sentencing he attempted to withdraw his guilty plea before the trial court, arguing that he did not understand the impact of his pleas on his subsequent conviction that exposed him to sentencing in the extended term. As we observed in our later opinion affirming the denial of defendant's PCR petition in 2001, defendant sought to withdraw his plea at that time as well, and we affirmed the denial of that motion. He now argues that the 1988 trial court did not consider the Slater factors and that the motion court in 2018 should have done so before deciding his motion.

Under these circumstances, we find defendant's contentions on appeal challenging the motion court's decision to be without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). We affirm the denial of his

motion to withdraw his plea substantially for the reasons expressed by the motion court in its order. We only add the following brief comments.

Rule 3:21-1 provides that a motion to withdraw a plea "of guilty or non vult shall be made before sentencing, but the court may permit it to be made thereafter to correct a manifest injustice." In Slater, the Court announced a four-part test to be employed in assessing the merits of such applications: "(1) whether the defendant has asserted a colorable claim of innocence; (2) the nature and strength of defendant's reasons for withdrawal; (3) the existence of a plea bargain; and (4) whether withdrawal would result in unfair prejudice to the State or unfair advantage to the accused." 198 N.J. at 157-58.

Even if we were to consider those factors as being informative in assessing his 2018 claim, we discern no manifest injustice because defendant never asserted a "colorable claim of innocence," but rather expressed a willingness to plead again to the same offenses, and the unfair prejudice to the State caused by the passage of more than thirty years is obvious.[2]

---

[2] We observe that defendant argued for the first time in his reply brief that as to his colorable claim of innocence, he asserted a claim of self-defense when he pled guilty and that should have required the trial court to make an inquiry as to whether he was in fact guilty of the charges to which he was pleading guilty. We chose not to consider his unsupported argument as we have not been provided with any transcripts and we do not address arguments not raised before

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

---

the trial court or that are raised for the first time before us in a reply brief. See State v. Witt, 223 N.J. 409, 419 (2015) ("For sound jurisprudential reasons, with few exceptions, 'our appellate courts will decline to consider questions or issues not properly presented to the trial court when an opportunity for such a presentation is available.'" (quoting State v. Robinson, 200 N.J. 1, 20 (2009))); see also Gormley v. Wood-El, 218 N.J. 72, 95 n.8 (2014); Drinker Biddle & Reath LLP v. N.J. Dep't of Law & Pub. Safety, 421 N.J. Super. 489, 496 n.5 (App. Div. 2011) (stating that claims not addressed in merits brief are deemed abandoned and could not properly be raised in a reply brief).

A-1616-18T1